UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARIANO BENITEZ AND KEITH HOBBS**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SPRINGVILLE PARTNERS LLC,** a New York limited liability company,<br><br>*Defendant*. | Case No. :<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Mariano Benitez ("Benitez") and Keith Hobbs ("Hobbs") bring this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Springville Partners, LLC ("Springville") (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") to the cellular telephones of consumers nationwide without their prior express consent; (2) enjoin Defendant from continuing to place autodialed telephone calls to consumers who did not provide their prior express consent to receive them, or who revoked such consent; and (3) obtain redress for all persons injured by Defendant's conduct. Plaintiffs also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees.

Plaintiffs, for their complaint, alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

## PARTIES

1. Plaintiff Benitez is a natural person over the age of eighteen (18) and a resident of the State of California. Plaintiff Benitez resides in Chula Vista, California.

2. Plaintiff Hobbs is a natural person over the age of eighteen (18) and a resident of the State of George. Plaintiff resides in Columbus, Muscogee County, Georgia.

2. Defendant Springville Partners, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located in Richmond County, New York.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., a federal statute.

4. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

5. This Court has personal jurisdiction over Springville because it is headquartered in Richmond County, which is located within this District, Springville solicits significant business in this District, has entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District, solicits a significant amount of business within this District, and

because a significant portion of the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

7. Defendant Springville is a financial services company.

8. Unfortunately for consumers, Springville casts its marketing net too wide. That is, in an attempt to aggressively promote its business and to generate leads for its financial products, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign, targeting at least the States where it serves as a licensed insurance agency, that repeatedly makes unsolicited autodialed phone calls to consumers' telephones including cellular telephones all without any prior express consent to make such calls.

9. To make matters worse, Springville (or its agent) places these calls to telephones using an ATDS without consumers' prior written express consent—which violates the TCPA.

10. The Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. ("TCPA") and its implementing regulations, 47 C.F.R. § 64.1200, *et seq*. prohibit companies and persons, such as Defendant, from placing calls using an ATDS ("autodialed calls") to cellular telephones without first obtaining prior express consent. Defendant has violated, and continues to violate, the TCPA and its regulations by placing autodialed calls to cellphone subscribers who have not given prior express consent, orally or in writing, to receive such calls.

11. In an effort to obtain leads for its services, Springville made (or had made on its behalf) autodialed calls to the cellular telephones of Plaintiffs and other members of the class without first obtaining express consent to do so—all in violation of the TCPA.

12. The TCPA was enacted to protect consumers from unauthorized calls like those alleged in this Complaint: autodialed calls placed to cellphone numbers without each consumer's

prior express written consent.

13. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interrupted and interfered with Plaintiffs and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also injured the Plaintiffs and Class members by causing wear and tear on their phones, consuming battery life, and appropriating cellular minutes and data.

14. At no time did Defendant obtain prior express consent from Plaintiffs or any of the Class members to receive autodialed telemarketing calls.

15. In making the phone calls at issue in this Complaint, Defendant and/or its agents utilized an ATDS. Specifically, the hardware and software used by Springville and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

16. Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the alleged Class, it also intentionally and repeatedly violated the TCPA. Defendant was, and is, aware that the autodialed calls described herein were

made to consumers like Plaintiffs who have not consented to receive them.

17. By making unauthorized autodialed calls as alleged herein, Springville has caused consumers actual harm, including the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, the wear and tear on their cellphones, consumption of battery life, lost cellular minutes, loss of value realized for monies paid to their wireless carriers for the receipt of such calls, and in the form of the diminished use, enjoyment, value, and utility of their telephones and telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiffs and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

18. To the extent any third party made the calls, the third party acted on behalf of Defendant, at Defendant's direction and control, for Defendant's knowing benefit, and with Defendant's approval, and/or Defendant ratified the making of any such calls.

19. To redress these injuries, Plaintiffs, on behalf of themselves and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited autodialed calls to cellular telephones. On behalf of the Class, Plaintiffs seek an injunction requiring Defendant to cease all unauthorized autodialed calling activities and an award of statutory damages to the class members, together with pre and post-judgment interest, costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF BENITEZ

20. Plaintiff Benitez is the subscriber to and customary user of the personal cellular telephone number ending in 7919.

21. On or around January 17, 2018, Benitez received a telemarketing call from the phone number 929-364-0998.

22. On the call, Benitez heard dead air consistent with an autodialer/ATDS. Plaintiff estimates that roughly 20 seconds went by after answering the call until a person came on, a telltale sign of an ATDS.

23. The call was from Springville and was made for the purpose of soliciting Benitez for a loan.

24. Shortly after the call, Benitez received a follow-up email from Trevor Gnyp at Springville Partners. The email stated in part that "we have previously spoken" and "[a]ttached is is the *Springville Partners LLC* funding application".

25. Plaintiff Benitez does not have a relationship with Defendant, has never provided his telephone number to Defendant, and has never requested that Defendant or anyone else acting on Defendant's behalf, place autodialed calls to him or offer him its services. Plaintiff Benitez has never provided any form of prior express written or oral consent for Defendant to place autodialed calls to him and has no other prior relationship with Defendant. Simply put, Benitez never provided any prior express written or oral consent to be called at all.

## FACTS SPECIFIC TO PLAINTIFF HOBBS

26. Plaintiff Hobbs is the subscriber to and customary user of the personal cellular telephone number ending in 7558.

27. On or around October 17, 2018, Hobbs received a telemarketing call from the phone number 347-778-5191.

28. On the call, Hobbs heard a pause after answering before an agent came on the line, consistent with the use of an ATDS.

29. The call was from Springville and was made for the purpose of soliciting Hobbs for a loan.

30. Shortly after the call, Hobbs received a follow-up email from Liam Aleman at Springville Partners. The email stated in part:

> Hey,
>
> This is Liam with Springville Partners. It was nice speaking with you earlier. Like I told you, our maximum term is 24 months for new customers. We collect our payments either daily, weekly. We provide both MCA and ACH programs. We fund anywhere from 1st-4th position, and we can consolidate up to 3 balances with other advance companies. Attached is the Springville Partners funding application.

31. Plaintiff Hobbs does not have a relationship with Defendant, has never provided his telephone number to Defendant, and has never requested that Defendant or anyone else acting on Defendant's behalf, place autodialed calls to him or offer him its services. Plaintiff Hobbs has never provided any form of prior express written or oral consent for Defendant to place autodialed calls to him and has no other prior relationship with Defendant. Simply put, Hobbs never provided any prior express written or oral consent to be called at all.

32. To redress these injuries, Hobbs, on behalf of himself and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited autodialed to telephones. On behalf of the Class, Hobbs seeks an injunction requiring Defendant to cease all unauthorized autodialing calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs Hobbs and Benitez bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Class defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) using the same equipment that was used to call the Plaintiffs; (4) for the purpose of selling Springville's products and services; and (5)

7

for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Plaintiffs.

40. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiffs anticipate the need to amend the class definitions following appropriate discovery.

41. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed autodialed calls to thousands of consumers who fall into the defined Class. Members of the Class can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

42. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Class, in that Plaintiffs and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct. Plaintiffs are members of the Class.

43. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions, specifically class actions under the TCPA. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to either Plaintiff.

44. **Commonality and Predominance:** There are several questions of law and fact

common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

        (a)      Whether Defendant's conduct violated the TCPA;

        (b)      Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express consent;

        (c)      Whether the calls were made with the use of an ATDS;

        (d)      Whether a third party made the calls on Defendant's behalf for Defendant's benefit;

        (e)      Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

        (f)      Whether Defendant acted willfully so as to require an award of treble damages.

45.   **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

9

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiffs and the Autodialed No Consent Class)

46.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

47.     Defendant Springville, either on its own or through its agents or other third parties acting on its behalf (and for their mutual benefit), made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Autodialed No Consent Class—without their prior express written consent—in an effort to generate leads for Defendant's products and services.

48.     Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

49.     Further, Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

Defendant utilized equipment that made the telephone calls to Plaintiffs and other members of the Autodialed No Consent Class simultaneously and without human intervention. Discovery will reveal the technological capacity of Defendant's system.

50. By making unsolicited telephone calls to Plaintiffs and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS while doing so, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

51. As a result of Defendant's unlawful conduct, Plaintiffs and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

52. Should the Court determine that Springville's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Benitez and Hobbs, on behalf of themselves and the Classes, prays for the following relief:

    A. An order certifying the Class as defined above, appointing Plaintiffs as the representatives of the Class and appointing their counsel as Class Counsel;

    B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

    C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

E. An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Class;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

G. An award of pre- and post-judgment interest; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff request a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MARIANO BENITEZ AND KEITH HOBBS**, individually and on behalf of class of similarly situated individuals

Dated: April 21, 2020

By: ___/s/ Shawn Kassman___
    One of Plaintiff's Attorneys

Shawn Kassman
shawnkassman@centralisliplawyer.com
Law Office of Shawn Kassman, Esq. PC
110 Carleton Avenue
Central Islip, New York 11722
Tel: 631-232-9479
Fax: 631-232-9489

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: (720) 213-0675

*Counsel for Plaintiff and the Putative Class*

*Motions for admission *pro hac vice* to be filed